# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS THOMAS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | No. 2:18-cv-02878-TLP-tmp |
| v. | ) | |
| | ) | |
| GRADY PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR DISCOVERY AND FOR PRODUCTION OF EXCULPATORY EVIDENCE

Petitioner Marcus Thomas moves for discovery and for production of exculpatory evidence. (Motion ("Mot."), ECF No. 5.) Petitioner specifically seeks information pertaining to the investigation that resulted in his state-court conviction, information concerning witnesses to his crime, and information regarding communications between Petitioner and the state prosecutor. (*Id.*) Thomas requests in camera inspection if there is some question about the exculpatory nature of evidence. (*Id.* at PageID 126.) He requests these materials at the earliest opportunity and in advance of evidentiary proceedings. (*Id.*) The Court DENIES Petitioner's Motion for the following reasons.

## LEGAL STANDARD

Habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Habeas Rule 6 is meant to be

"consistent" with the Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969), where the Court held that petitioners must be given an adequate opportunity to seek out information about the facts of their case when the allegations reasonably demonstrate that the petitioner is entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997).

Under this rule, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding . . . ."). The rule further states that "[a] party requesting discovery must provide reasons for the request."

The "good cause" standard is not demonstrated by "bald assertions" or "conclusory allegations." *Stanford*, 266 F.3d at 460; *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Instead, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460) (internal quotation marks omitted); *see Bracy*, 520 U.S. at 908–09 (allowing discovery relevant to "specific allegations" of fact in support of a claim of constitutional error); *Post v. Bradshaw*, 621 F.3d 406, 425 (6th Cir. 2010) (stating that discovery provides petitioner "that extra evidence he . . . needs to prove or strengthen his case"); *Braden v. Bagley*, No. 2:04-CV-842, 2007 WL 1026454, at *2 (S.D. Ohio Mar. 30, 2007) ("Rule 6's 'good cause' standard requires petitioner to at least attempt to identify what he expects to uncover through his discovery requests.").[1] In other words, Rule 6(a) does not permit a "fishing expedition masquerading as discovery," *Stanford*, 266 F.3d at 460.

---

[1] "The Sixth Circuit has not determined whether § 2254(e)(2) applies to motions for discovery." *Hill v. Anderson*, 4:96CV0795, 2010 WL 5178699, at *8 (N.D. Ohio Dec. 14, 2010). A petitioner may show good cause under Habeas Rule 6 without meeting the higher standard for an

## ANALYSIS

Petitioner's Motion does not establish a connection between the requested information and specific allegations in his petition.  Moreover, he does not state what he expects this information to reveal.  The Court therefore finds that Petitioner has not demonstrated good cause for discovery.

## CONCLUSION

For these reasons, the Court DENIES Petitioner's Motion for Discovery and for Production of Exculpatory Evidence.

**SO ORDERED**, this 6th day of May, 2019.

   s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

evidentiary hearing in 28 U.S.C. § 2254(e)(2).  *Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000); *see Braden*, 2007 WL 1026454, at *6 (distinguishing discovery from factual development under § 2254(e)(2)); *see also Simmons v. Simpson,* No. 3:07-CV-313-S, 2009 WL 4927679, at *5-6 (W.D. Ky. Feb. 12, 2009) (stating that this view is not unanimously held by all federal courts).