# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS THOMAS, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:18-cv-02878-TLP-tmp |
| GRADY PERRY, | ) | |
| Respondent. | ) | |

## ORDER GRANTING MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Marcus Thomas[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Grady Perry filed a motion to dismiss Thomas's untimely habeas corpus petition. (ECF No. 25.) For the following reasons, this Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** Thomas's § 2254 Petition, **DENIES** a certificate of appealability, **CERTIFIES** that any appeal of this matter would not be taken in good faith, and **DENIES** Thomas leave to proceed in forma pauperis on appeal.

## BACKGROUND AND PROCEDURAL HISTORY

Thomas pled guilty and was subsequently convicted on two counts of aggravated robbery in the Shelby County Criminal Court. (ECF No. 1 at PageID 1.) The Court entered a judgment on December 10, 2013. (*Id.*; ECF No. 24-1 at PageID 188–91.) Thomas did not appeal.

---

[1] Thomas is a state prisoner, Tennessee Department of Corrections prisoner number 530890. Tennessee is currently housing him at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee.

Thomas petitioned for post-conviction relief in Shelby County Criminal Court. (*Id.* at PageID 192–97.) Thomas signed the petition on November 18, 2014, and purportedly gave it to prison officials for mailing on November 19, 2014. (*Id.* at PageID 196.) The post-conviction trial court later denied relief. (*Id.* at PageID 212.)

Thomas filed an appeal. (*Id.* at PageID 213.) The Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment of the post-conviction trial court and entered a judgment. (*See* ECF Nos. 24-6 & 24-7.) Thomas then filed an application for permission to appeal to the Tennessee Supreme Court ("TSC"), which the TSC denied on February 28, 2017. (ECF No. 24-8 & 24-11.)[2] *See Thomas v. State*, No. W2015-02499-CCA-R3-PC, 2016 WL 6596105 (Tenn. Crim. App. Nov. 7, 2016), *perm. app. denied* (Tenn. Feb. 28, 2017).

Next, Thomas filed a motion to correct an illegal sentence pursuant to Tenn. R. Crim. P. 36.1. (ECF No. 24-12 at PageID 458–61.) The court denied Thomas's motion. (*Id.* at PageID 501.) The TCCA affirmed on November 22, 2017. (ECF No. 24-15 at PageID 528–29.) *See State v. Thomas*, No. W2017-00692-CCA-R3-CD, 2017 WL 5634250 (Tenn. Crim. App. Nov. 22, 2017).

In August of 2018, Thomas filed a petition for writ of habeas corpus in the Circuit Court of Wayne County. (ECF No. 24-17 at PageID 531–49.) The certificate of service was not dated, but an accompanying affidavit was signed on August 1, 2018. (*Id.* at PageID 549–50.) In October of 2018, the court dismissed the state habeas petition. (ECF No. 24-19.) Thomas filed a second motion to correct an illegal sentence, which the court dismissed in October of 2018. (ECF Nos. 24-20 & 24-22.)

---

[2] The application for permission to appeal was untimely, but the TSC waived the time limit "in the interest of justice." (ECF No. 24-11 at PageID 441.)

Finally, on December 27, 2018, Thomas filed the instant federal habeas petition. (ECF No. 1.) Thomas did not state when the petition was placed in the prison mailing system. (*See id.* at PageID 19.) The mailing envelope was post-marked on December 20, 2018. (ECF No. 1-13.) This Court granted Thomas's first motion to amend the § 2254 Petition on March 8, 2019 and directed the Respondent to file a response. (ECF No. 11.) Thereafter, Thomas filed a second motion to amend his petition. (ECF No. 14.) Respondent then filed the state court record and a motion to dismiss the habeas corpus petition as untimely. (ECF Nos. 24 & 25.)

## **ANALYSIS**

Respondent argues that Thomas's § 2254 Petition is untimely and that Thomas is not entitled to equitable tolling. (ECF No. 25 at PageID 604; ECF No. 25-1 at PageID 606, 609–11.) Thomas has not addressed the timeliness of his petition, nor has he responded to the motion.

Federal courts have authority to issue habeas corpus relief for persons in state custody under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). But the authority of this Court is limited. A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Twenty-eight U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

>                laws of the United States is removed, if the applicant was
>                prevented from filing by such State action;
>
>        (C)     the date on which the constitutional right asserted was
>                initially recognized by the Supreme Court, if the right has
>                been newly recognized by the Supreme Court and made
>                retroactively applicable to cases on collateral review; and
>
>        (D)     the date on which the factual predicate of the claim or
>                claims presented could have been discovered through the
>                exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-
>        conviction or other collateral review with respect to the pertinent
>        judgment or claim is pending shall not be counted toward any
>        period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Thomas did not appeal his conviction, it became final no later than the deadline for filing a direct appeal. 28 U.S.C. § 2244(d)(1)(A); *see Jimenez v. Quarterman*, 555 U.S. 113, 118–19 (2009). In this case, the judgments were entered on December 10, 2013, and the time for taking a direct appeal expired thirty (30) days later, on January 9, 2014. Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea becomes final 30 days after acceptance of the plea agreement and imposition of sentence). Therefore, the limitations period began running on that date.

Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials to mail to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Respondent asserts that the statute of limitations ran from January 10, 2014, until November 19, 2014, the date the post-conviction petition was submitted to prison officials for mailing. (See ECF No. 25-1 at PageID 609.)

The limitations period was tolled, under 28 U.S.C. § 2244(d)(2), on November 19, 2014. By that time, 313 days of the one-year limitations period had elapsed. The TCCA affirmed the

4

dismissal of the post-conviction petition on November 7, 2016, and the TSC denied permission to appeal on February 28, 2017. (ECF Nos. 10-6 & 10-11.)

While the post-conviction proceedings were pending, Thomas filed his first motion to correct an illegal sentence in February of 2017. Respondent asserts that tolling continued uninterrupted through the completion of that proceeding on November 22, 2017. (ECF No. 25-1 at PageID 609.) And tolling continued for another sixty days to allow Thomas to file an application for permission to appeal to the TSC. The due date for filing was Sunday, January 21, 2018, and therefore was moved to Monday, January 22, 2018. The statute of limitations therefore restarted the following day—Tuesday, January 23, 2018. (*See id.* at PageID 609–10.) There were 52 days remaining before the statute of limitations expired on March 15, 2018. (*Id.* at PageID 610.) Thomas's second motion to correct an illegal sentence and his state habeas petitions, filed after the statute of limitations had expired, did not further toll the running of the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Owens v. Stine*, 27 F. App'x 351, 353 (6th Cir. 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Thomas did not file his federal habeas petition until December 27, 2018, more than six months after the statutory period for filing had expired. Thomas does not address the timeliness of his § 2254 Petition, nor does he seek equitable tolling of the statute. Respondent asserts that

Thomas has not shown diligence or an extraordinary circumstance to excuse his late filing. (ECF No. 25-1 at PageID 610–11.)

Thomas's 2254 Petition is untimely, and he has not demonstrated a basis for equitable tolling. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) ("The party seeking equitable tolling bears the burden of proving he is entitled to it."). The Court therefore **GRANTS** Respondent's motion to dismiss the petition as time-barred, (ECF No. 25), and **DISMISSES WITH PREJUDICE** Thomas's Petition. The Court will enter a judgment for Respondent.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & 3. A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

In this case, there can be no question that the claims in this petition are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a COA.

For the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES,** under Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and **DENIES** Thomas leave to appeal in forma pauperis.[3]

**SO ORDERED** this 19th day of December, 2019.

s/ Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).